IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00133-PAB-MJW

ROBERT WAGNER, Individually and On Behalf of All Other Similarly Situated Persons,

    Plaintiff,

v.

PETCO ANIMAL SUPPLIES, INC.,
PETCO ANIMAL SUPPLIES STORES, INC., and
PETCO HOLDINGS, INC. LLC,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Stay or Transfer the Action [Docket No. 19] and the parties' Memorandum in Support of the Parties' Joint Motion to Transfer for Settlement Purposes Pursuant to 28 U.S.C. § 1404(a) [Docket No. 29], which the Court construes as a motion to transfer. The Court has jurisdiction under 28 U.S.C. § 1332.

In addition to being the named plaintiff in this case, plaintiff Robert Wagner is an opt-in plaintiff in an earlier-filed collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") currently pending before the United States District Court for Southern District of California, captioned *Kellgren v. Petco Animal Supplies, Inc.*, No. 3:13-cv-0644-L-KSC. *Kellgren* was filed on March 19, 2013. Docket No. 19-2 at 11. Plaintiffs in *Kellgren* allege that Petco Animal Supplies, Inc. and Petco Holdings, Inc. violated the FLSA by failing to pay overtime wages to assistant managers by

improperly classifying them as managers despite a lack of management duties. *Id*. at 25-28. On September 3, 2015, the *Kellgren* court conditionally certified a nationwide collective action of such assistant managers that only excludes such workers in California. *Id*. at 53. On March 21, 2016, Mr. Wagner opted in to the *Kellgren* collective action. Docket No. 25 at 3-4.

On January 15, 2017, Mr. Wagner filed a class action complaint in this Court. Docket No. 1. It alleges a claim under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 et seq., and the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 et seq., that Petco misclassified assistant store managers as exempt employees and did not pay them overtime wages. *Id*. at 5. The complaint seeks certification of a class of "current and former assistant managers employed by Petco within the State of Colorado." *Id*. at 4 (capitalization altered). Plaintiff is represented by the same counsel who represent plaintiffs in *Kellgren.* Docket No. 19 at 2.

The parties request that the Court transfer this case to the Southern District of California pursuant to 28 U.S.C. § 1404(a) so that the parties can complete a global settlement of all the related actions. Docket No. 29 at 1-2.

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van*

*Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To warrant a transfer, the moving party must establish that: (1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum. *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005).

The Court is satisfied that the Southern District of California is a proper venue for this action because, according to plaintiff's allegations, defendants' principal place of business is located in that district. Docket No. 1 at 2, ¶ 4; *cf*. 11A Charles Alan Wright et al., *Federal Practice & Procedure* § 2942 (3d ed. 2015) ("if the party seeking the injunction could raise the same issues in the other proceeding, the court typically will take the position that the party has an adequate alternative remedy"). Additionally, because the parties have filed a joint motion, a transfer of this case would be convenient for all parties. Thus, in light of the parties' settlement, the Court finds that considerations of convenience and interests of justice strongly favor the transfer of this case to the United States District Court for the Southern District of California. Accordingly, it is

**ORDERED** that the parties' Memorandum in Support of the Parties' Joint Motion to Transfer for Settlement Purposes Pursuant to 28 U.S.C. § 1404(a) [Docket No. 29], construed as a motion to transfer, is **GRANTED**. It is further

**ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, to Stay or Transfer the Action [Docket No. 19] is **DENIED** as moot. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the Southern District of California.

DATED August 31, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge