# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KELLGREN, THERESE KOPCHINSKI, and CHRISTINE LEE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 3:13-cv-00644-L-KSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CERTIFICATION OF A SETTLEMENT CLASS, REIMBURSEMENT OF ATTORNEYS' FEES, COSTS, EXPENSES AND INCENTIVE AWARDS TO REPRESENTATIVE PLAINTIFFS AND JUDGMENT**<br><br>Final Approval Hearing: February 12, 2018<br><br>Complaint Filed:  March 19, 2013<br><br>District Judge:  Hon. M. James Lorenz<br>Courtroom:    5B (Schwartz)<br><br>Magistrate Judge:    Karen S. Crawford<br><br>Trial Date:    Not Set |
| MARIA COTE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:17-cv-00898-L-KSC<br>Complaint Filed: January 31, 2017<br>(D. Mass.)<br><br>Transferred to SDCA: May 4, 2017 |

Case No. 13-CV-00644-L-KSC

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

| | |
|---|---|
| DESERIE MICHEL, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC. and PETCO HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:17-cv-01092-L-KSC<br><br>Complaint Filed: April 14, 2016<br>          (E.D.N.Y.)<br><br>Transferred to SDCA: May 30, 2017 |
| HEATHER VARGAS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC.; PETCO HOLDINGS, INC.,<br><br>Defendants. | Case No. 3:17-cv-01561-L-KSC<br>Complaint Filed: April 6, 2017 (D.N.J.)<br>Transferred to SDCA: August 3, 2017 |
| JAMES HECKER, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC., PETCO ANIMAL SUPPLIES STORES, INC., PETCO HOLDINGS, INC., and DOES 1 TO 100, Inclusive,<br><br>Defendants. | Case No.: 3:17-cv-01169-L-KSC<br><br>Complaint Filed: November 23, 2016 (N.D. ILL.)<br><br>Transferred to SDCA: June 8, 2017 |

Case No. 13-CV-00644-L-KSC

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

| ROBERT WAGNER, Individually and On Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC., PETCO ANIMAL SUPPLIES STORES, INC., and PETCO HOLDINGS, INC.,<br><br>Defendants. | Case No.: 3:17-cv-01793-L-KSC<br><br>Complaint Filed: January 15, 2017 (D. Colo.)<br><br>Transferred to SDCA: September 28, 2017 |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

**WHEREAS**, the Plaintiffs and Defendants in the above-captioned consolidated actions have entered into a Settlement Agreement intended to resolve the litigation against Defendants arising out of their alleged unlawful compensation practices for Assistant Managers ("AMs") who were classified as exempt and not paid overtime; and

**WHEREAS**, the Settlement Agreement attached as Exhibit A to the Declaration of Seth R. Lesser, filed in connection with Plaintiffs' Motion for Preliminary Approval, Dkt. No. 280-3, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the above actions against Defendants; and

**WHEREAS**, the Court was satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms-length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants; and

**WHEREAS**, the Court granted Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, Preliminary Certification

1    of a Settlement Class, Appointment of Class Representatives and Claims
2    Administrator, Approving Notice and for Final Fairness Hearing (the
3    "Preliminary Approval Motion") and supporting materials, Dkt. Nos. 289, 292,
4    294; and

5        **WHEREAS**, the Court ordered the Notice and Claim Form and Consent
6    to Join FLSA Action incorporated into the Settlement Agreement to issue to
7    the Settlement Class in the manner specified in Plaintiffs' Motion for
8    Preliminary Approval;

9        Accordingly, the Court finds, concludes, and hereby orders as follows:

10       1.    Plaintiffs' Motion for Final Approval is **GRANTED.**

11       2.    The Court has jurisdiction over the subject matter of this action, all
12    members of the Settlement Class, and Defendants pursuant to 29 U.S.C. §§
13    1331, 1332, and 1367.

14       3.    All defined terms in the Settlement Agreement shall have the same
15    meaning in this Order and Judgment.

16       4.    In accordance with Federal Rule of Civil Procedure 23 and the
17    requirements of due process, the Settlement Class has been given proper and
18    adequate notice of the Settlement and the Fairness Hearing, and such notice
19    was carried out in accordance with the Preliminary Approval Order.

20       5.    Prior to the Fairness Hearing, a declaration was filed with the
21    Court by the Claims Administrator, JND Legal Administration, confirming
22    that Notice was given in accordance with the terms of the Court's previous
23    Order preliminarily approving the Settlement and as required by the Class
24    Action Fairness Act, 28 U.S.C. § 1715, *et seq.*

25       6.    The Notice and notice methodology implemented pursuant to the
26    Settlement Agreement and the Court's Preliminary Approval Order (a) were
27    appropriate and reasonable and constituted due, adequate, sufficient notice to

28

Case No. 13-CV-00644-L-KSC
**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

1    all persons entitled to notice; and (b) met all applicable requirements of the

2    Federal Rules of Civil Procedure and Due Process.

3        7.    The Settlement was negotiated with the assistance of an

4    experienced mediator, at arm's-length, by experienced counsel who were fully

5    informed of the facts and circumstances of the action and of the strengths and

6    weaknesses of their respective positions. The Settlement was reached after the

7    parties had completed extensive discovery and investigation, conducted legal

8    research and written discovery, conducted multiple  depositions, and reviewed

9    tens of thousands of pages worth of documents.  Counsel for both sides were

10   well positioned to evaluate the benefits of the Settlement, taking into account

11   the expense, risk, and uncertainty of protracted litigation over numerous

12   questions of fact and law.

13       8.    The Settlement is fair, reasonable, and adequate. The Court

14   approves the Settlement.

15       9.    The Court finds that for the purpose of this Settlement, the

16   requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied,

17   and that a class action is an appropriate method for resolving the claims

18   asserted in this litigation. All the prerequisites for class certification under

19   Rule 23 are present. The Settlement Class Members are ascertainable and too

20   numerous to be joined. For settlement purposes, questions of law and fact

21   common to all Settlement Class Members predominate over individual issues

22   and should be determined in one proceeding with respect to all of the

23   Settlement Class Members. The Settlement Class Representatives' claims are

24   typical of those of the Settlement Class for settlement purposes. The Settlement

25   Class Representatives and Class Counsel meet the adequacy requirements of

26   FED. R. CIV. P. 23(a)(4). For settlement purposes, the class action mechanism

27   is superior to alternative means for adjudicating and resolving the state law

28   claims asserted in these consolidated actions. **Case No. 13-CV-00644-L-KSC**

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

10.    The Court further finds that the settlement of the FLSA claims asserted by Plaintiffs and those who have consented to join the *Kellgren* action is a settlement of a bona-fide dispute and is a fair and reasonable compromise of the FLSA claims asserted.

11.    The Court certifies the following Settlement Class for purposes of this Settlement only:

- Individuals who filed with the Court consents to join the *Kellgren* action and who, as of the date of entry of the Preliminary Approval Order had not withdrawn their consent or had their claims dismissed;
- Individuals who worked in Colorado as an Assistant Manager ("AM") for Petco at any time between January 15, 2014 and June 18, 2016;
- Individuals who worked in Illinois as an AM for Petco at any time between November 23, 2013 and June 18, 2016;
- Individuals who worked in Massachusetts as an AM for Petco at any time between January 31, 2014 and June 18, 2016;
- Individuals who worked in New Jersey for Petco as an AM at any time between April 6, 2015 and June 18, 2016;
- Individuals who worked in New York for Petco as an AM at any time between April 14, 2010 and June 18, 2016;
- Individuals who worked in Oregon for Petco as an AM at any time between October 21, 2014 and June 18, 2016; and
- Individuals who worked in Pennsylvania for Petco as an AM at any time between July 14, 2014 and June 18, 2016.

12.    Class Counsel, Klafter Olsen & Lesser LLP and Hepworth Gershbaum & Roth, PLLC are hereby awarded attorneys' fees in the amount of

$ 2,665,000.00 which the Court finds to be fair and reasonable, and

$ 161,901.00 in reimbursement of reasonable expenses incurred in

**Case No. 13-CV-00644-L-KSC**

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

prosecuting the action. The attorneys' fees and expenses so awarded shall be paid from the Settlement Sum pursuant to the terms of the Settlement Agreement.

13. The Court finds that the services provided by the Named Plaintiffs to the Settlement Class have conferred a substantial benefit on the Settlement Class, and hereby directs payment as provided under the terms of the parties' Settlement Agreement from the Settlement Sum to Named Plaintiffs Erik Kellgren, Maria Cote, James Hecker, Therese Kopchinski, Christine Lee, Deserie Michel, Heather Vargas, and Robert Wagner of $10,000 each as Incentive Awards.

14. The certification of the Settlement Class is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendants that these cases, or any other proposed or certified class or collective action is appropriate for class or collective treatment pursuant to Federal Rule of Civil Procedure 23, 29 U.S.C. § 216(b), or any other similar class or collective action statute or rule. Nor shall this Order and Judgment be construed, used, offered or admitted into evidence as an admission or concession by Defendants of the validity of any claim or any actual or potential liability or fault.

15. Final Judgment is entered in the above-captioned cases in accordance with the Settlement Agreement.

16. Following the Effective Date provided for in the Settlement Agreement and receipt of the Settlement Sum from Defendants, as set forth in the Settlement Agreement, the Claims Administrator shall effectuate distribution of the settlement funds to the Settlement Class Members who made timely and valid claims in accordance with the terms of the Settlement Agreement.

Case No. 13-CV-00644-L-KSC

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

17.     Upon the Effective Date provided for in the Settlement Agreement, all State Settlement Class Members who have not timely and validly excluded themselves from the Settlement have released the claims as set forth in Section 5 of the Settlement Agreement and which is incorporated herein.

18.     Upon the Effective Date provided for in the Settlement Agreement, all Federal State Class Members who submitted timely and valid Claim Forms have released the claims as set forth in Section 5 of the Settlement Agreement and which is incorporated herein.

19.     The claims of all Opt-In Plaintiffs who neither timely and validly requested exclusion nor submitted a timely and valid Claim Form are hereby dismissed with prejudice.

20.     The claims of all Opt-In Plaintiffs who timely and validly requested exclusion from the Settlement are hereby dismissed without prejudice.

21.     All Settlement Class Members who have not timely and validly excluded themselves from the Settlement are barred and permanently enjoined from pursuing and/or seeking to reopen their claims that have been released or dismissed in the Settlement Agreement or seeking to file, commence, prosecute, maintain or participate in any other claim, lawsuit, or other proceeding based on the claims that have been released or dismissed in the Settlement Agreement and herein.

22.     These consolidated actions are **DISMISSED WITH PREJUDICE** except that the Court shall retain exclusive and continuing jurisdiction of the above-captioned actions, the Settlement Class Members and the Defendants, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

**Case No. 13-CV-00644-L-KSC**

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

**IT IS SO ORDERED.**

Dated:  February 13, 2018

Hon. M. James Lorenz
United States District Judge